# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| VALERIE WALLER, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-cv-00486-SEP |
| | ) | |
| HENKEL CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Valerie Waller's Motion to Remand Case to State Court. Doc. [10].  For the reasons set forth below, the motion is denied.

### BACKGROUND

 Plaintiff brought this class action in state court against Defendants Henkel Corporation and Does 1 through 10, alleging breach of warranty, breach of implied contract under Missouri law and Maine law, unjust enrichment under Missouri law, and violations of the Missouri Merchandising Practices Act (MMPA).  Doc. [6].  Plaintiff alleges that Henkel engaged in misleading and deceptive practices in marketing and selling "All"-branded liquid laundry detergent packaged in 88-fluid-ounce containers (the product).  *Id.* ¶¶ 1-14.  According to Plaintiff, the product's label claims to provide detergent for "58 loads" of laundry, when it does not in fact provide enough detergent for 58 loads.  *Id.*  Plaintiff seeks compensatory damages, attorneys' fees, and "such further relief as the Court deems just" on behalf of a putative class of consumers who purchased the product over a five-year period in Missouri.  Henkel removed the case to this Court on April 17, 2023.  *See* Doc. [1].  On April 21, 2023, Plaintiff filed a motion to remand, Doc. [10], arguing that jurisdiction is improper because Henkel does not meet the amount-in-controversy requirement.  The motion is fully briefed and ripe for review.  *See* Docs. [12], [13].

### LEGAL STANDARD

Removal of a civil action is proper if "the district courts of the United States have original jurisdiction" over the action.  28 U.S.C. § 1441(a).  The Class Action Fairness Act (CAFA) provides this Court "with 'original jurisdiction' to hear a 'class action' if the class has

more than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000.'" *Faltermeier v. FCA US LLC*, 899 F.3d 617, 621 (8th Cir. 2018) (quoting *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013)); 28 U.S.C. § 1332(d).

"The party seeking removal under CAFA bears the burden of establishing these jurisdictional requirements by a preponderance of the evidence." *Dammann v. Progressive Direct Ins. Co.*, 856 F.3d 580, 583 (8th Cir. 2017). "Under the preponderance standard, the jurisdictional fact is not whether damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are." *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009) (internal quotation omitted). "There is no presumption against federal jurisdiction in class action cases, and if the notice of removal plausibly alleges, and the evidence shows, that the case *might* be worth more than $5 million (excluding interest and costs), then it belongs in federal court." *Brunts v. Walmart, Inc.*, 2023 WL 3608897, at *2 (8th Cir. May 24, 2023) (cleaned up). "A removing defendant can establish federal jurisdiction with 'specific factual allegations . . . combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations.'" *Id.* (quoting *Waters v. Ferrara Candy Co.*, 873 F.3d 633, 636 (8th Cir. 2017)). If "the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Bell*, 557 F.3d at 956.

DISCUSSION

I. <u>**Defendant has shown by a preponderance of the evidence that the jurisdictional minimum is met in this case.**</u>

In her motion, Plaintiff argues that Henkel "has failed to provide specific facts or evidence to prove . . . that the amount in controversy exceeds $5 million." Doc. [10] at 1. Specifically, Plaintiff takes issue with the declaration of Erik Koepplin, Henkel's Associate Brand Manager, and argues that the declaration that "Henkel's retail sales of the Products in Missouri were substantially in excess of $5,000,000" is insufficient to meet the jurisdictional requirement. *Id.* at 2 (quoting Doc. [1-1] ¶ 6). In response, Henkel filed an additional declaration from Koepplin, specifying that over the past five years, "Henkel's retail sales of the Products in Missouri were $5,386,269.00." Doc. [12-1] ¶ 8. Henkel argues that its notice of removal, along with its accompanying declarations, show by a preponderance of the evidence

that a fact finder might legally conclude that the damages sought are greater than $5 million. Doc. [12] at 6.

Henkel is correct.  In a similar case involving a challenge to the amount-in-controversy requirement under CAFA, the Eighth Circuit recently held that "[t]he total amount of sales can be a measure of the amount in controversy." *Brunts*, 2023 WL 3608897, at *2 (defendant's declaration that its sales figures exceeded $5 million during the relevant time period was sufficient to meet its burden); *see also Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013) (same).  Because Defendant's sworn declarations are sufficient evidence to establish the amount in controversy, Docs. [1-1], [12-1], Defendant has carried its burden of establishing by a preponderance of the evidence that this case meets CAFA's amount-in-controversy threshold.

That conclusion is only bolstered when the total amount of sales is considered in conjunction with Plaintiff's request for attorneys' fees.  *See Faltermeier*, 899 F.3d at 621-22 (affirming district court's conclusion "that it was more likely than not that attorneys' fees" would be large "considering the expected length of the litigation, the risk and complexity involved in prosecuting class actions, and the hourly rates charged."); *see also Diesel v. Procter & Gamble Co.*, 2022 WL 16948290, at *2 (E.D. Mo. Nov. 15, 2022); *Bell v. Walgreens Boots All., Inc.*, 2022 WL 17987039, at *3 (E.D. Mo. Dec. 29, 2022); *Muller v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC*, 2022 WL 17718628, at *3 (E.D. Mo. Dec. 15, 2022); *Heidger v. Bayer Corp.*, 2023 WL 2951620, at *3 (E.D. Mo. Apr. 14, 2023).[1]

---

[1] Plaintiff attempts to distinguish these several orders of other judges in this district by claiming that remand was denied in those cases based on the cost of actual damages "*combined with the cost of injunctive relief*," whereas "Plaintiff here does not seek injunctive relief[.]"  Doc. [13] at 2.  She claims that "none of those judges would have denied remand without the added costs of injunctive relief."  *Id.* Plaintiff appears to misread those orders, all of which declare that an affidavit attesting to total sales in excess of $5 million is itself sufficient to establish the CAFA amount in controversy before considering other requested relief as additional support.  *See, e.g.*, *Diesel*, 2022 WL 16948290, at *2 ("[T]his sworn declaration [showing total retail sales] *is sufficient evidence* to establish the amount in controversy here. . . . *The Court is even more convinced* that Defendant has carried its burden when considering the total sales in conjunction with Plaintiff's request for attorney's fees and injunctive relief[.]") (emphases added); *see also Bell*, 2022 WL 17987039, at *2-*3 ("Courts have routinely found affidavits of total sales figures sufficient to satisfy CAFA . . . *total sales figures suffice*.  *Moreover*, Plaintiff's complaint also seeks a disgorgement of profits, benefits, and other compensation, as well as attorney fees and injunctive relief.") (emphasis added) (citations omitted); *Muller*, 2022 WL 17718628, at *3 ("The evidence before the Court demonstrates . . . sales in Missouri during the period at issue are approximately two times greater than the $5,000,000 jurisdictional threshold.  Yomoah's sworn declaration is *sufficient evidence to determine the amount in controversy*. . . . Further, Plaintiff seeks an award of attorney's fees."); <u>*Heidger*</u>, 2023 WL 2951620, at *3 (same).  Moreover, the Eighth Circuit recently dispelled any doubt that a sworn

**II.** **Plaintiff has not shown with legal certainty that the claims are for less than the requisite jurisdictional amount.**

Because Henkel has shown that this case meets CAFA's jurisdictional minimum amount in controversy, this case belongs in federal court unless Plaintiff "can establish to a legal certainty that the claim is for less than the requisite amount." *Bell*, 557 F.3d at 956; *see also Raskas*, 719 F.3d at 888 ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (internal quotation omitted).  "Even if it is highly improbable that [Plaintiff] will recover the amounts [Henkel has] put into controversy, this does not meet the legally impossible standard." *Raskas*, 719 F.3d at 888.  Plaintiff attempts to meet that standard by arguing that she only seeks to recover a "*percentage* of the price paid for the Product," thereby limiting her recovery to an amount less than the entire sale price.  Doc. [10] at 2-3.  That argument has been repeatedly rejected by courts in this district, following the Eighth Circuit and the Supreme Court.  "[T]he Supreme Court has held 'a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified.'  Therefore, the standard is not what [Plaintiff] argues [she] will ask for but what a fact finder could legally award." *Brunts*, 2023 WL 3608897, at *3 (citation omitted) (quoting *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013)); *see also, e.g.*, *Faltermeier*, 899 F.3d at 621; *Muller*, 2022 WL 17718628, at *2.  Plaintiff has not shown that it is legally impossible for her putative class to recover more than $5 million.

CONCLUSION

Because Defendant has shown by a preponderance of the evidence that the amount in controversy exceeds CAFA's jurisdictional minimum, the Court has jurisdiction over this case under 28 U.S.C. § 1332(d), and remand must be denied.  *See Holbein v. TAW Enters., Inc.*, 983 F.3d 1049, 1060 (8th Cir. 2020) ("Once a federal court determines it has jurisdiction over a case properly before it, it has a "virtually unflagging obligation to exercise it.") (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013)).

---

declaration attesting to total sales in excess of $5 million could be sufficient to establish the CAFA amount in controversy.  *Brunts v. Walmart, Inc.*, 2023 WL 3608897, at *2 (8th Cir. May 24, 2023); *see also id.* at *3 ("Because we find total sales satisfies the amount in controversy requirement, we need not discuss the inclusion of—or sufficiency of the evidence for—compliance costs or attorneys' fees.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Valerie Waller's Motion to Remand Case to State Court, Doc. [10], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Briefing on Defendant's Motion to Dismiss Until Jurisdiction is Determined, Doc. [18], is **DENIED as moot**.  Plaintiff must respond to Defendant Henkel Corporation's Motion to Dismiss, Doc. [16], no later than **<u>June 15, 2023</u>**.

Dated this 1st day of June, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE